IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD A. MOTT, | ) | |
| Petitioner, | ) | Civil Action No. 16-252 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Susan Paradise Baxter |
| TAMMY FERGUSON, | ) | |
| et al., | ) | |
| Respondents. | ) | |

# **OPINION**[1]

Presently before Court is the Respondents' motion to dismiss [ECF No. 12] the petition for a writ of habeas corpus filed by state prisoner, Richard A. Mott (the "Petitioner"), pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). For the reasons set forth below, the Respondents' motion is granted, the petition is dismissed with prejudice, and a certificate of appealability is denied.

# **I.**

## **A.** **Relevant Background**

In this case, the Petitioner challenges the judgment of sentence imposed upon him by the Court of Common Pleas of Crawford County on February 2, 2009. The Superior Court of Pennsylvania summarized the relevant background of this case as follows:

> On November 3, 2008, [the Petitioner] entered a guilty plea to one count each of rape of a child and incest. [His] conviction stems from his sexual abuse of his then twelve-year-old daughter, who had been sexually assaulted previously by three other men, including [the Petitioner's] son. The plea bargain contained no agreement as to sentencing. At the February 2, 2009 sentencing hearing, counsel for [the Petitioner] requested that the court impose the ten-year mandatory minimum sentence on the rape of

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

1

a child count. The court declined, and imposed a sentence of incarceration of not less than twenty nor more forty years on this count, with a concurrent term of not less than two nor more than ten years on the incest count. [The Petitioner] filed a direct appeal challenging the discretionary aspects of his sentence, and this Court affirmed the judgment of sentence on February 5, 2010. (See Commonwealth v. Mott, No. 313 WDA 2009, unpublished memorandum at *1-3 (Pa.Super. filed Feb. 5, 2010)) ["Mott I"].

Commonwealth v. Mott, No. 1536 WDA 2015, 2016 WL 832525, *1 (Pa.Super.Ct. Mar. 2, 2016) ("Mott II") (footnotes omitted).

The Petitioner's judgment of sentence became final under both state and federal law on or around **March 8, 2010**, when his time to file a petition for allowance of appeal with the Pennsylvania Supreme Court expired. Id.; Pa.R.A.P. 903(a); 42 Pa.C.S. § 9545(b)(3) ("a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); Gonzalez v. Thaler, 565 U.S. 134, 149-54 (2012) (under relevant federal law a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review).

On July 6, 2015, the Petitioner filed a *pro se* motion for relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*. The court appointed him counsel, who filed an amended PCRA motion asserting a right to relief based on the United States Supreme Court's decision in Alleyne v. United States, — U.S. —, 133 S.Ct. 2151 (2013). "In Alleyne, the Supreme Court overruled its prior precedent, Harris v. United States, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), and clarified that, under the Sixth Amendment, any facts that increase the prescribed range of penalties to which a criminal defendant is exposed are elements of the crime and must be found beyond a reasonable doubt." United States v. Reyes, 755 F.3d 210, 212 (3d Cir. 2014) (citations and internal quotations omitted).

2

The PCRA court dismissed the Petitioner's motion because it determined that he filed it outside of the applicable state-law statute of limitations.[2] The PCRA's statute of limitations is codified at 42 Pa.C.S. § 9545(b) and it provides, in relevant part:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> - - -
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1)-(2).

On March 2, 2016, the Superior Court issued a Memorandum and Order in which it affirmed the PCRA court's decision. It held:

> Because [the Petitioner] filed the instant petition on July 6, 2015, it is untimely on its face, and the PCRA court lacked jurisdiction to review it unless he pleaded and proved one of the statutory exceptions to the time-bar. See id. at § 9545(b)(l)(i)-(iii).
> - - -
> Here, [the Petitioner] claims the benefit of a newly-recognized retroactively-applied constitutional right to relief predicated on the United States Supreme Court's decision in Alleyne, supra. (See Appellant's Brief, at 8, 11); see also 42 Pa.C.S.A. § 9545(b)(1)(iii). He asserts that Alleyne applies retroactively to this case, and requests that this Court remand for re-sentencing on the rape of a child conviction without regard to the mandatory minimum term of incarceration. (See Appellant's Brief, at 17).
> - - -
> [I]n [Commonwealth v. Miller, 102 A.3d 988, 992 (Pa.Super. 2014)], the appellant also argued the applicability of section 9545(b)(1)(iii) to his patently untimely PCRA petition.… Specifically, he averred that the Alleyne decision announced a new constitutional right that applies retroactively to cases on collateral review. See id. at 993-94. This Court disagreed, explaining:

---

[2] "The PCRA timeliness requirements are jurisdictional in nature and, accordingly, a court cannot hear untimely PCRA petitions." Commonwealth v. Flanagan, 854 A.2d 489, 509 (Pa. 2004) (citations omitted).

3

> Even assuming that Alleyne did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that Alleyne is to be applied retroactively to cases in which the judgment of sentence had become final. This is fatal to Appellant's argument regarding the PCRA time-bar. This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases. Therefore, Appellant has failed to satisfy the new constitutional right exception to the time-bar.
>
> Id. at 995-96 (quotation marks, footnote, and citations omitted); see also Commonwealth v. Riggle, 119 A.3d 1058, 1062, 1067 (Pa.Super. 2015) (stating "Alleyne is not entitled to retroactive effect in [the] PCRA setting" even with a timely filed petition). Therefore, prior precedent of this Court makes clear that claims based on retroactive application of Alleyne in the PCRA setting fail.
>
> Furthermore, we also note that the United States Supreme Court decided Alleyne on June 17, 2013. [The Petitioner] filed the instant PCRA petition more than two years later, on July 6, 2015. Therefore, [the Petitioner] has failed to comply with the PCRA's sixty-day rule. See 42 Pa.C.S.A. § 9545(b)(2). [The Petitioner's] petition would fail for this reason as well.
>
> In sum, we conclude that [The Petitioner] has not met his burden of proving his untimely petition fits within one of the three exceptions to the PCRA's jurisdictional time-bar. See Jones, supra at 17. Accordingly, the PCRA court properly dismissed [his] petition without a hearing because it is untimely with no exception to the time-bar pleaded or proven. See Jackson, supra at 519.

Mott II, No. 1536 WDA 2015, 2016 WL 832525 *2 (footnotes omitted).

Following the Superior Court's decision, the Petitioner filed a petition for allowance of appeal with the Supreme Court of Pennsylvania. That court denied it in a per curiam order dated July 26, 2016.

The Petitioner filed his petition for a writ of habeas corpus with this Court, at the very earliest, on **October 17, 2016**, which is the date he averred he placed it in the prison mailing system. He claims that his sentence is unconstitutional and explains that he is raising the same claim that he raised to the Superior Court in his PCRA appeal.

The Respondents filed a motion to dismiss [ECF No. 12] on the grounds that the Petitioner's claim is untimely under AEDPA's one-year statute of limitations. The Petitioner did not file a reply.

4

**B.     Discussion**

The Respondents are correct that the Petitioner's claim must be dismissed because he filed his petition outside AEDPA's statute of limitations. It requires, with a few exceptions not applicable here, that federal habeas claim must be filed with the district court within one year of the date the petitioner's judgment of sentence became final. 28 U.S.C. § 2244(d)(1)(A). As set forth above, the Petitioner's judgment of sentence became final on **March 8, 2010**. Therefore, he had until **March 8, 2011**, to file a timely federal habeas claim with this Court. He did not file his petition until **October 17, 2016**, so it is untimely by more than five years.[3]

AEDPA does provide that its one-year statute of limitations may also run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. §2244(d)(1)(C). This triggering date does not apply to this case. The Supreme Court has not held that Alleyne applies retroactively to cases on collateral review and the United States Court of Appeals for the Third Circuit has expressly held that it does not. United States v. Reyes, 755 F.3d at 212-13; United States v. Winkelman, 746 F.3d 134 (3d Cir. 2014).

**C.     Certificate of Appealability**

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It

---

[3]     The United States Supreme Court has held that AEDPA's statute-of-limitations period "is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if he shows both that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. Id. at 649. "This conjunctive standard requires showing both elements before we will permit tolling." Sistrunk v. Rozum, 674 F.3d 181, 190 (3d Cir. 2012) (emphasis in original). The Petitioner does not argue that he is entitled to equitable tolling.

5

provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether the Petitioner's claim should be dismissed as untimely. Accordingly, a certificate of appealability is denied.

## II.

For the reasons set forth above, the Respondents' motion to dismiss is granted, the petition is dismissed with prejudice, and a certificate of appealability is denied.

An appropriate Order follows.

Dated: June 29, 2017

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RICHARD A. MOTT, )
    Petitioner, ) Civil Action No. 16-252 Erie
)
v. )
) Magistrate Judge Susan Paradise Baxter
TAMMY FERGUSON, )
et al., )
    Respondents. )

## **ORDER**

AND NOW, this 29th day of June, 2017, IT IS HEREBY ORDERED that the Respondents' motion to dismiss [ECF No. 12] is GRANTED, the petition is DISMISSED with prejudice, and a certificate of appealability it DENIED. The Clerk of Court shall mark this case CLOSED.

                                            /s/ Susan Paradise Baxter
                                            SUSAN PARADISE BAXTER
                                            United States Magistrate Judge

cc:    Notice by ECF to counsel of record and by U.S. mail the Petitioner at his address of record